# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:23-CV-00074-HBB

**MARCIN C.**[1]  **PLAINTIFF**

**VS.**

**MARTIN O'MALLEY, ACTING COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**[2]  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Marcin C. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 11) and Defendant (DN 19) filed Fact and Law Summaries. Plaintiff filed a reply brief (DN 20). For the reasons that follow, the final decision of the Commissioner is **REVERSED** and this matter is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12). By Order entered August 29, 2023 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

FINDINGS OF FACT

On June 8, 2015, Plaintiff protectively filed an application for disability and disability insurance benefits (Tr. 72, 238-44).  Plaintiff alleged that he became disabled on May 7, 2014, as a result of a brain cyst impairing ocular nerve left eye, gout, and skin and joint psoriasis, and depression (Tr. 72, 152, 167, 269).  The application was denied initially and upon reconsideration (Tr. 187-90, 193-95).  Plaintiff filed a written request for a hearing, and ALJ Roxanne J. Kelsey ("ALJ") held a hearing on May 23, 2017 (Tr. 112-50).  On August 30, 2017, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled from May 7, 2014 through the date of the decision (Tr. 71-85).  Subsequently, the Appeals Council denied Plaintiff's request for review on April 11, 2018 (Tr. 1-7).  Plaintiff appealed the decision in the United States District Court for the Northern District of Illinois (Tr. 764-65).  The district court issued an Order granting Defendant's agreed motion to remand the decision (Tr. 762-71).

On July 23, 2019, the ALJ held a remand hearing, and on August 26, 2019 issued an unfavorable decision (Tr. 686-719, 656-85).  In the 2019 decision, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 659-78).  At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 7, 2014 (Tr. 662).  Plaintiff last met the insured status requirements through December 31, 2019 (Id.).  At the second step, the ALJ determined that Plaintiff has the following severe impairments: migraines, psoriatic skin disease with psoriatic arthritis; gout; major depressive disorder; general anxiety disorder; degenerative disc disorder of the knee; history of brain cyst/tumor with visual field changes of the left side (Id.).  The ALJ found Plaintiff has the following non-severe impairments: mild osteopenia of the hands, and cysts on the hands (Id.).  At the third step, the ALJ concluded that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 662-63).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) except medium work, as defined by the regulations with frequent climbing; he may have no more than occasional concentrated exposure to hazards such as dangerous, moving machinery or unprotected heights; he may frequently perform tasks requiring fine vision; he lacks the ability to understand, remember, and carry out detailed instructions because of moderate limitations in concentration, but retains the sustained concentration necessary for simple work of a routine type if given normal workplace breaks, meaning two 15 minute breaks after two hours of work and a 30 minute break mid-shift; he may occasionally work in coordination with or proximity to others; he should not be required to interact with the general public as part of the job (Tr. 665).

Next, the ALJ determined that Plaintiff was unable to perform his past relevant work (Tr. 676). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (Tr. 677). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act from May 7, 2014 through the date of the decision (Tr. 678).

The Appeals Council declined to assume jurisdiction over the ALJ's decision, making it "the final decision of the Commissioner of Social Security after remand by the court" (Tr. 636-37).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton, 2 F.3d at 695-696.

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months

42 U.S.C. § 1382c(a)(3)(A) (Title XVI); <u>Barnhart v. Walton</u>, 535 U.S. 212, 214 (2002); <u>Abbott v. Sullivan</u>, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

1. Arguments of the Parties

Plaintiff asserts that the ALJ failed to determine whether an opinion by a treating psychiatrist, Dr. Walczyk, should be granted controlling weight and the ALJ's rejection of parts of the opinion is "illogical and contradicted by the facts" of the record (DN 11 PageID # 1103-04). Additionally, Plaintiff argues the ALJ incorrectly applied the treating physician rule because the "ALJ failed to determine first whether Dr. Walczyk's opinions were entitled to 'controlling weight'" but, instead, the "ALJ skipped straight to weighing the factor of 'consistency'" (Id. at PageID # 1105). Plaintiff contends that if the ALJ applied the treating physician rule correctly, the ALJ would have given Dr. Walczyk's opinion controlling weight and more weight to Plaintiff's subjective symptom allegations (Id. at PageID # 1107-08). Further, Plaintiff claims that the ALJ's analysis cannot withstand scrutiny as the ALJ mischaracterized evidence of the record and applied her own lay opinion (Id. at PageID # 1108-10).

Defendant argues that the ALJ's decision is supported by substantial evidence as the ALJ properly weighed Dr. Walczyk's opinion. Defendant asserts that an ALJ is not required to expressly consider each of the factors in 20 C.F.R. § 404.1527(c) and that as long as a court can understand how the ALJ granted weight to the treating source remand is not required (DN 19 PageID # 1138).

In reply, Plaintiff states that the ALJ's handling of Dr. Walczyk's opinion cannot be harmless because "the ALJ failed to articulate 'good reasons' for discounting Dr. Walczyk's opinion" (DN 20 PageID # 1147). Plaintiff reiterates that the ALJ did not properly consider evidence as she ignored evidence when weighing Dr. Walczyk's opinion and that the ALJ applied her own lay medical opinion (Id. at PageID # 1151).

2. Discussion

As Plaintiff filed his claim prior to March 27, 2017, the old regulations apply.[3] The earlier regulations require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances. 20 C.F.R. § 404.1527(c)(2) states:

> Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

In Gayheart v. Commissioner of Social Security, 710 F.3d 365, 375-76 (6th Cir. 2013), the Sixth Circuit emphasized that the ALJ must first consider if the treating source's opinion should receive controlling weight. "The opinion must receive controlling weight if (1) well-supported by clinical and laboratory diagnostic techniques and (2) not inconsistent with other substantial evidence in the administrative record." Hayes v. Comm'r of Soc. Sec., No. 1:16 CV 365, 2017 U.S. Dist. LEXIS 38029, at *8-9 (N.D. Ohio Mar. 16, 2017) (citing 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2)). Only if the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed by balancing factors: "length, frequency, nature, and extent of the treatment relationship, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." Thaxton v. Comm'r of Soc. Sec., 815 F. App'x 955, 959 (6th Cir. 2020) (quoting Gayheart, 710 F.3d at 376).

The ALJ must assign specific weight to the treating source, and if the opinion is found not to be controlling, then the ALJ must give good reasons for not giving the opinion controlling

---

3 For claims filed on or after March 27, 2017, the rules in 20 C.F.R. § 404.1520c apply.

weight. The good reasons must be more than statements that the treating source opinion disagrees with the opinion of a non-treating physician or that objective medical evidence does not support the opinion.

> [a]n ALJ should structure the decision to remove any doubt as to the weight given the treating source's opinion and the reasons for assigning such weight. In a single paragraph the ALJ should state what weight he or she assigns to the treating source's opinion and then discuss the evidence of record supporting that assignment. Where the treating source's opinion does not receive controlling weight, the decision must justify the assignment given in light of the factors set out in §§ 1527[(c)(1)-(6)].
>
> The Sixth Circuit has identified certain breaches of the Wilson rules as grounds for reversal and remand:
>
> • the failure to mention and consider the opinion of a treating source,
>
> • the rejection or discounting of the weight of a treating source without assigning weight,
>
> • the failure to explain how the opinion of a source properly considered as a treating source is weighed (i.e., treating v. examining),
>
> • the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source,
>
> • the rejection of the opinion of a treating source because it conflicts with the opinion of another medical source without an explanation of the reason therefore, and
>
> • the rejection of the opinion of a treating source for inconsistency with other evidence in the record without an explanation of why "the treating physician's conclusion gets the short end of the stick."

Hayes, 2017 U.S. Dist. LEXIS 38029, at *11-12 (internal citations omitted). However, a violation of these procedural requirements can be deemed "harmless error" if one of the following requirements is satisfied:

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) ... even though she has not complied with the terms of the regulation.

Cole v. Astrue, 661 F.3d 931, 940 (6th Cir. 2011). Notably, the failure to follow the Agency's procedural rule does not qualify as harmless error when the Court cannot engage in "meaningful review" of the ALJ's decision. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

Here, the ALJ discussed Dr. Walczyk's opinion with the following:

> Next, the undersigned considered the treating source opinion and records from Marek Walczyk, M.D., who began treating the claimant in 2015 (Ex. 8F, 25F, 36F). In December 2016, she completed a form indicating that the claimant had depression, anxiety and insomnia and he had no interest in any activity and neglected household duties (Ex. 25F). She noted that he avoided social interactions, his mood and affect was sad, depressed and restricted. His thought process was goal oriented but slow. The claimant was oriented and there was some impairment of memory. As such, she opined that the claimant may have difficulty performing simple routine repetitive tasks and that he was not capable of socializing with coworkers and supervisory personnel due to social avoidance. The undersigned gives little weight to the opinion that he may have difficulty performing simple tasks because even her own notes show that his memory is intact at times. She noted that he could remember 4 of 5 items forward but only 2 of 5 items backwards. This would tend to support the claimant lacks the ability to understand, remember and carry out detailed instructions because of moderate limitations in concentration, but retains the sustained concentration necessary for simple work of a routine type if given normal workplace breaks, meaning two 15 minute breaks after two hours of work and a 30 minute break mid-shift. On the other hand, there is some evidence of his social limitations and the fact that he was embarrassed about this psoriasis. As such, the opinion that he was not capable of socializing with coworkers and supervisory personnel due to social avoidance is given some weight. The treatment record shows that this doctor has given the claimant training in coping skills for his anxiety and depression but it remains to be of concern to him. As such, the undersigned finds that the claimant may occasionally work in coordination with or proximity

9

to others. He should not be required to interact with the general public as a part of the job.

Dr. Walczyk answered "no" to the question can claimant achieve production requirements and tolerate work pressures generally associated with unskilled work?" Yet, she opined that the claimant could manage his own funds. She also opined that he was moderately limited in performing simple and repetitive tasks. These statements are contradictory. If he maintains the mental capacity to perform simple math collections to handle his own money, then he retained the capacity to handle unskilled tasks. Indeed, his calculation ability was intact often between 2015 and 2019 per her own treatment notes (Ex. 36F/9, 10, 14, 15, 17, 18, 28, 32, 34, 41). In addition, memory testing revealed no significant problems despite the claimant's report of significant difficulty concentrating (Ex. 11F). As such, the undersigned gives less weight to this portion of the opinion. The record shows that the claimant maintains capacity for unskilled tasks. The undersigned gives little weight to the opinion that he may have difficulty performing simple tasks because even her own notes show that his memory is intact at times. She noted that he could remember 4 of 5 items forward but only 2 of 5 items backwards. Also the claimant is able to perform the multitasking and sequencing necessary to drive a car, operate a smart phone, understand and follow rule, and apply the information. While his wife helps him remember his medications and handles their household finances, these tasks are not necessarily simple and routine. This tends to support the claimant lacks the ability to understand, remember and carry out detailed instructions because of moderate limitations in concentration, but retains the sustained concentration necessary for simple work of a routine type if given normal workplace breaks, meaning two 15 minute breaks after two hours of work and a 30 minute break mid-shift.

Next, the undersigned gives significant weight to the opinion by Dr. Walczyk that the claimant's ability to relate to other people, respond to coworkers and customary work pressures was moderately severe for the following reasons. The claimant had a moderately severe degree of constriction of interest and in understanding, carrying out and remembering instructions. The claimant had a moderately severe impairment to perform complex tasks and varied tasks (Ex. 25F). As stated previously, the claimant has anxiety and depression and it relates to his psoriatic arthritis. Although he takes medications for his physical impairments, as well as mental impairments and attends counseling, he still has anxiety and depression that affect his social interactions. Thus, the undersigned finds it is best that he is provided some limitations socially. There

> is no evidence to support that he is unable to interact entirely with others or that he cannot leave the home. Indeed, he has developed good interactions with his treating sources including this doctor whom he has met many times. He has good relations with his family. Once again, the claimant has alleged having limitations socially because of his physical impairments. The undersigned notes that the claimant feels uncomfortable in public and dealing with people because of his psoriasis. However, he does socialize with people on the phone, goes out, and goes to doctors' appointments, but does not go anywhere on a regular basis. In his functioning report, the claimant reported that he avoids being seen by other people. He indicated that he has difficulty getting along with others (Ex. 5E). Sadly, the undersigned recognizes that at the consultative psychological examination, the claimant reported that he no longer has friends because people are afraid that he has AIDS due to his skin disease (Ex. 11F).

(Tr. 672-74). In his discussion of Dr. Walczyk's opinion, the ALJ did not address that as a treating source, there is a presumption that the opinion is entitled to controlling weight. Thaxton, 815 F. App'x at 959. The ALJ did address the opinion's supportability and consistency when deciding which portions of the opinion she gave significant and little weight. However, missing from the ALJ's discussion is the good reasons analysis required by the regulations. 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ's discussion seems to collapse the treating-source analysis's two distinct steps into one when discussing the opinion's supportability and consistency. Hayes v. Comm'r of Soc. Sec., No. 1:16 CV 365, 2017 U.S. Dist. LEXIS 38029, at *9, 11 (N.D. Ohio Mar. 16, 2017). Here, in addition to the lack of acknowledgment that Dr. Walczyk was a treating source and entitled to controlling weight, neither Dr. Walczyk's specialty nor the length of the treating relationship was directly discussed. Due to the condensed analysis and for reasons discussed below, the undersigned finds that the ALJ's treating source analysis is not harmless error and thus not supported by substantial evidence.

Plaintiff argues that the ALJ placed his own lay impressions regarding Plaintiff's memory and concentration without citing to medical evidence of the record when finding Dr. Walczyk's

opinion was entitled to less weight (DN 11 PageID # 1110-12).  Defendant does not directly respond to this argument, but Defendant counters that it was reasonable for the ALJ to consider his daily activities in light of the record as a whole to discount Dr. Walczyk's more extreme opined limitations.

Plaintiff points to the ALJ's statement that Plaintiff's ability to conduct math calculations and handle his own money indicates he has the capacity to handle unskilled tasks is an improper lay opinion that fails "to recognize the difference between activities performed at home versus those performed at work" (DN 20 PageID # 1153).  Additionally, when finding Plaintiff can perform simple tasks, the ALJ cites to Plaintiff's ability to drive and use his smart phone.  The ALJ makes these statements without citations to the record or a medical opinion that connects the two assertions.

When weighting medical opinions, the ALJ "may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by medical evidence." Meece v. Barnhart, 192 F. App'x 456, 465 (6th Cir. 2006); Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996) (stating "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings").  However, the ALJ "may weigh the evidence and draw [her] own inferences." McCain v. Dir, OWCP, 58 F. App'x 184, 193 (6th Cir. 2003). Here, the undersigned finds that the ALJ's reasoning—Plaintiff's ability to conduct some mathematic equations, handle funds, his ability to drive a car, operate a smart phone, understand and follow rules, and apply the information—is an improper lay opinion that goes beyond drawing her own inference regarding Plaintiff's ability to perform simple tasks in a work environment. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 248 (6th Cir. 2007) (indicating the ALJ erred when they emphasized the plaintiff's ability to perform daily activities such as driving, cleaning their

home, caring for dogs, laundry, reading, stretching, and watching the news because these were minimal daily functions that were not comparable to typical work activities.). Here, the ALJ does not provide enough of a framework to show how Plaintiff's activities were related to his job performance capacity.

In sum, the ALJ failed to assess whether the medical opinion of the treating source, Dr. Walczyk, was entitled to "controlling weight" as required by 20 C.F.R. § 404.1527(c)(2), and the ALJ relied on her own flawed lay opinions to find that Dr. Walczyk's opinion was not consistent and supported by the evidence of record. In assessing whether these violations of the procedural requirements can be deemed "harmless error," the undersigned concludes that Dr. Walczyk's medical opinion is not so patently deficient that the Commissioner could not possibly credit it; the Commission did not adopt Dr. Walczyk's opinion or make findings consistent with the opinion; and the Commissioner has not met the goal of § 404.1527(c)(2). *See* Cole, 661 F.3d at 940. Consequently, the final decision of the Commissioner will be reversed, and the case will be remanded to the Commissioner to conduct additional proceedings consistent to remedy the defects identified above. *See* Faucher v. Sec'y of Health & Hum. Servs., 17 F.3d 171, 175 (6th Cir. 1994).

## Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (quoting Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003)). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable

law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is not supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is entitled to relief regarding his challenge.

## ORDER

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are not supported by substantial evidence and failed to comport with applicable law. IT IS HEREBY ORDERED that the final decision of the Commissioner is **REVERSED** and this matter is **REMANDED** for further administrative proceedings to remedy the defect in the original proceedings as discussed above. Faucher v. Sec'y of Health & Hum. Servs., 17 F.3d 171, 175 (6th Cir. 1994).

June 5, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:     Counsel of Record